# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| MARGARET SHANNON JOHNSON, personal representative for the Estate of Patricia Gayle Hood, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, N.A., LLG Trustee TN LLC and IBERIABANK d/b/a IBERIABANK MORTGAGE <br><br> Defendants. | Case No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Wells Fargo Bank, N.A. ("Wells Fargo"), appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy, hereby gives notice of the removal of this action from the Chancery Court of Macon County, Tennessee, to the United States District Court for the Middle District of Tennessee, Northeastern Division. In support of this notice of removal, Wells Fargo states as follows:

### I.  INTRODUCTION

1.  Plaintiff, as the personal representative of the Estate of Patricia Gayle Hood ("Hood"), commenced this action by filing a complaint (the "Complaint," attached hereto as part of **Exhibit A**) against Wells Fargo, among others, in the Chancery Court of Macon County, Tennessee, Case Number 5928 on or about March 4, 2022.

2. On or about July 1, 2019, Hood executed a Note with Iberiabank to borrow $134,425.00 (the "Note"). (A copy of the Note is attached hereto as **Exhibit B**). The Note was secured by a Deed of Trust (the "Deed of Trust") on real property located at 303 Bratton Avenue, Layfayette, Tennessee (the "Bratton Avenue Property"). (A copy of the Deed of Trust is attached hereto as **Exhibit C**).

3. The Deed of Trust was assigned to Wells Fargo. (*See* Compl., ¶ 5).

4. LLG Trustee TN LLC serves at the substitute trustee for the Deed of Trust.

5. Hood died on July 27, 2020. (*See* Compl., ¶ 2).

6. At the time of her death, Hood was the owner of the Bratton Avenue Property. (*See id.*, ¶3) and over $130,000.00 was still owed on the Note.

7. The value of the Bratton Avenue Property exceeds $75,000.00.[1]

8. Plaintiff's Complaint alleges that Wells Fargo did not file a claim against the Estate of Patricia Gayle Hood for the amount due on the Note. Because of this, Plaintiff claims that Wells Fargo not only lost its right to collect on the Note from Hood, but that it also lost its right to enforce its security interest in connection with the unpaid amounts due on the Note. (*See generally* Compl.)

9. Based on these allegations, Plaintiff seeks an order, among other things, extinguishing the Deed of Trust. (*See* Compl. at p. 3, *Ad Damnum*).

---

[1] As of March 16, 2022, various online real estate marketplaces value this property in excess of $200,000. *See for, example,* Zillow ($226,800; https://www.zillow.com/homedetails/303-Bratton-Ave-Lafayette-TN-37083/81154111_zpid/) and Redfin ($216,055; https://www.redfin.com/TN/Lafayette/303-Bratton-Ave-37083/home/103414499).

## II. DIVERSITY JURISDICTION

10. This Court has jurisdiction over all of Plaintiff's Complaint under 28 U.S.C. § 1332, which provides federal district courts with original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, and where the action is between citizens of different states. 28 U.S.C. § 1332(a)(1).

### A. The Parties are Diverse.

11. Complete diversity exists between Plaintiff and Wells Fargo.

12. Upon information and belief, Plaintiff is a resident of Tennessee and Hood was a resident of Tennessee.

13. Wells Fargo Bank, N.A. is a national banking association and a citizen of South Dakota.[2]

14. The citizenship of co-defendants Iberiabank and LLG Trustee TN LLC should be disregarded because they have been fraudulently joined to this action. Pursuant to the doctrine of "fraudulent joinder," a plaintiff "may not join a nondiverse defendant to destroy diversity jurisdiction." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 763 (7th Cir. 2009) (citing *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999) and *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993)). The doctrine of fraudulent joinder dictates that a non-diverse party's citizenship may be disregarded for purposes of removal if there is no

---

[2] For purposes of diversity jurisdiction, a national banking association, such as Wells Fargo, is deemed to be a citizen of the state where it is located. 28 U.S.C. § 1348. For purposes of 28 U.S.C. § 1348, it is well settled that a national bank is a citizen of the State in which its "main office" is located, as set forth in its articles of association. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006); *see also Hargrow v. Wells Fargo Bank N.A.*, 491 Fed. Appx. 534, 536 (6th Cir. 2012) (holding that Wells Fargo, as a national bank, was a citizen of South Dakota, the location of its main office). Wells Fargo's "main office" is located in South Dakota, so it is a citizen of that state.

possibility the plaintiff can establish a cause of action against that defendant under state law. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).[3] Fraudulent joinder may consist of: (1) not pleading a basis for an element of the plaintiff's claim against the nondiverse defendant, or (2) pleading a legally insufficient basis for an element of a claim against the nondiverse defendant. *See Wells' Dairy, Inc. v. Am. Indus. Refrigeration, Inc.*, 157 F. Supp. 2d 1018, 1037–38 (N.D. Iowa 2001).[4] Notably, Plaintiff's intent or motive in choosing a defendant to this action is immaterial to the fraudulent joinder analysis. *See Schur*, 577 F.3d at 763 n.9; *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1291 (11th Cir. 1998).

15. As alleged in Plaintiff's Complaint, Iberiabank is the former holder of the Note who transferred the Note to Wells Fargo prior to Hood's death.[5] Therefore, Iberiabank does not and is not alleged to have any interest in the Note or the Deed of Trust nor has any claim been asserted against Iberiabank. Furthermore, upon information and belief, Iberiabank no longer exists as an entity.

---

[3] *See also Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 246 (5th Cir. 2011) (in a suit for wrongful foreclosure, in addition to state law claims, the court determined that the plaintiffs had no possibility of recovery against a nondiverse defendant to the action who did not originate or service plaintiffs' home loan at issue).

[4] *See also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (the court determined that a nondiverse defendant was fraudulently joined where the plaintiff's claim against the nondiverse defendant was based on assertions that were not actionable as a matter of law, and where plaintiff's pleadings were inadequate to support a claim against the nondiverse defendant).

[5] Even if the Court were to consider Iberiabank's citizenship for diversity purposes, Iberiabank is a Louisiana corporation with its principle place of business in Louisiana. *See Iberiabank v. Case Const., LLC*, No. CIV.A. 15-0226-WS-B, 2015 WL 4624732, at *1, n. 1. (S.D. Ala. Aug. 3, 2015).

16. As also alleged in Plaintiff's Complaint, LLG is the substitute trustee for the Deed of Trust. (*See* Compl., ¶15). Similar to Iberiabank, no claim is made against LLG as the Complaint only alleges that LLG, functioning it is role as trustee, gave notice of a foreclosure sale and notice of acceleration of the amount owed on Wells Fargo's loan. (*See id*., ¶¶ 15-16.)

17. Plaintiff has not asserted a claim against LLG, and, furthermore, it cannot assert a claim against LLG. Pursuant to Tenn. Code Ann. § 35-5-116(a), "[a]ny trustee named in a suit or proceeding, as related to a sale of real property under a trust deed or mortgage, may plead in the answer that the trustee is not a necessary party by a verified denial, stating the basis for the trustee's reasonable belief that the trustee was named as a party solely in the capacity as a trustee under a deed of trust, contract lien, or security instrument." In addition to not being a necessary party, a substitute trustee is not liable when functioning in such role and relying on information provided by the secured party. *See* Tenn. Code Ann. § 35-5-116(f). Plaintiff has not pled (and cannot plead) a cause of action against LLG. *See Sandlin v. Citibank, N.A.*, No. 2:15-CV-02768, 2016 WL 1305263, at *3 (W.D. Tenn. Mar. 31, 2016) (denying leave to amend to add substitute trustee which would have destroyed diversity, reasoning that "trustees cannot be held liable for errors resulting from reliance on information gathered from the secured party. Moreover, Plaintiff is seeking injunctive relief, making the necessity of joining [the trustee] a dubious proposition. Even if joinder of [the trustee] was statutorily permissible, it still would not enhance or ensure Plaintiffs' remedies.") Accordingly, LLG's citizenship should not considered when determining diversity jurisdiction.

B. **The Amount in Controversy Exceeds $75,000.00.**

18. Removal is also proper because the amount in controversy exceeds the $75,000.00 jurisdictional threshold, exclusive of interest and costs.

19. "[T]he Sixth Circuit recognizes that, '[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.'" *Beasley v. Wells Fargo Bank, N.A.*, No. 3:17-CV-00726, 2017 WL 2670892, at *5 (M.D. Tenn. June 21, 2017), *aff'd sub nom. Beasley v. Wells Fargo Bank, N.A. for Certificate Holders of Park Place Sec., Inc.*, 744 F. App'x 906 (6th Cir. 2018) (citing *Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 560 (6th Cir. 2010)).

20. The current amount of the lien secured by the Deed of Trust exceeds $130,000.00.

21. Furthermore, based on third party valuations, the value of the Bratton Avenue Property exceeds $75,000.00.[6]

22. Accordingly, based upon the allegations of the Complaint, the amount in controversy, exclusive of interest and costs, exceeds the jurisdictional requirement.

### III. ADOPTION AND RESERVATION OF DEFENSES

23. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Wells Fargo's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join indispensable parties; or (8) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

---

[6] *See* note 1, discussed above.

## IV. PROCEDURAL REQUIREMENTS

24. This case is a civil action within the meaning of 28 U.S.C. § 1441(a), relating to the removal of cases.

25. True and correct copies of "all process, pleadings, and orders" filed to date are attached hereto as **Exhibit A**, in conformity with 28 U.S.C. § 1446(a). There has been no other process, pleading, or order served upon Wells Fargo to date in this case.

26. This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446.

27. The United States District Court for the Middle District of Tennessee, Northeastern Division, is the court and division embracing the place where this action is pending in state court.

28. Contemporaneously with the filing of this Notice of Removal, Wells Fargo has filed a copy of same with the clerk of the Chancery Court of Macon County, Tennessee and a Notice of Filing Notice of Removal. Notice of the filing of this Notice of Removal has also been served upon the Plaintiff.

29. Wells Fargo reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

**WHEREFORE, PREMISES CONSIDERED,** Wells Fargo prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Chancery Court of Macon County, Tennessee, to the United States District Court for the Middle District of Tennessee, Northeastern Division.

Respectfully submitted this 17th day of March, 2022.

/s/ R. Frank Springfield
R. Frank Springfield (BPR # 025833)
Samuel A. Morris (BPR # 034878)

BURR & FORMAN LLP
222 Second Avenue South, Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3200
Facsimile: (615) 724-3358
smorris@burr.com

420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
fspringfield@burr.com

Attorneys for Defendant
WELLS FARGO BANK, NA

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded by first-class, United States mail, postage prepaid, on this the 17th day of March, 2022:

Dalis D. Holliman
Farrar, Holliman & Butler
P.O. Box 280
Lafayette, TN 37083

LLG Trustee TN LLC
10130 Perimeter Parkway, Suite 400
Charlotte, NC 28216

Iberiabank
P.O. Box 2026
Flint, MI 48501-2026

/s/ R. Frank Springfield
OF COUNSEL