IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| **MARGARET SHANNON JOHNSON,** personal representative for the Estate of Patricia Gayle Hood, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 2:22-cv-00010 |
| v. | )<br>) Judge Waverly D. Crenshaw, Jr. |
| **WELLS FARGO BANK, N.A., LLG Trustee TN LLC and IBERIABANK d/b/a IBERIABANK MORTGAGE** | )<br>) Magistrate Judge Alistair Newbern<br>)<br>) |
| Defendants. | )<br>) |

### DEFENDANT WELLS FARGO BANK, N.A.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") files this memorandum in support of its Motion to Dismiss the Complaint for Declaratory Action ("Complaint") filed by plaintiff Margaret Shannon Johnson, personal representative of the Estate of Patricia Gayle Hood ("Plaintiff"), and states as follows:

### I. INTRODUCTION

Even after the debtor's personal obligations have been extinguished, the mortgage holder still retains a 'right to payment' in the form of its right to the proceeds from the sale of the debtor's property. Alternatively, the creditor's surviving right to foreclose on the mortgage can be viewed as a 'right to an equitable remedy' for the debtor's default on the underlying obligation. Either way, **there can be no doubt that the surviving mortgage interest corresponds to an 'enforceable obligation' of the debtor**. *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) (emphasis added).

Plaintiff's theory – that Wells Fargo's lack of claim against its deceased borrower's estate for the amount owed on the note associated with its deed of trust now bars it from foreclosing on the property encumbered by the deed of trust – must fail because it has zero basis in the law. Instead, courts ranging from the United States Supreme Court to the Tennessee Court of Appeals

have routinely acknowledged that the discharge of personal liability on a note does not affect a creditor's right to enforce its security interest by foreclosing on the property encumbered by a related deed of trust. Plaintiff's Complaint and this Motion reduce to one simple question of law: does the discharge of personal liability on a note discharge the related debt and deed of trust encumbering property? The resounding answer is no. Plaintiff is not entitled to a free house and her claim for a declaratory judgment discharging the mortgage debt and Wells Fargo's security interest on the property must fail.

## II. STATEMENT OF ALLEGATIONS[1]

On July 1, 2019, Gayle Hood ("Borrower") took out a loan in the amount of $134,425.00 (the "Loan"). ECF No. 1-1 (hereafter, "Compl."), ¶ 4. In connection with the Loan, Borrower gave a deed of trust (the "Deed of Trust") encumbering the real property at 303 Bratton Avenue, Lafayette, Macon County, Tennessee (the "Property").[2] *See id.*, ¶¶ 3-4. Borrower made payments on the Loan until her death in July of 2020. *See id.*, ¶¶ 2, 6. On November 25, 2020, Wells Fargo was assigned the Deed of Trust. *Id.*, ¶ 5.

On November 19, 2020, Plaintiff mailed notice of the probating of Borrower's estate (the "Estate") to Wells Fargo. *Id.*, ¶ 7. Wells Fargo did not file a claim against the Estate for the indebtedness Borrower owed on the Loan. *Id.*, ¶ 10. Plaintiff concludes that because Wells Fargo

---

[1] The allegations in the Complaint are taken as true for the purposes of this Motion.

[2] A true and correct copy of the deed of trust associated with the Loan ("Deed of Trust") is attached as **Exhibit 1**. The Court may consider the Deed of Trust attached hereto without converting this motion to dismiss to a motion for summary judgment because the Deed of Trust is referred to in Plaintiff's Complaint and central to the claims therein. *See LeBlanc v. Bank of America, N.A.*, 2013 WL 2015622, at *2 (W.D. Tenn. May 13, 2013) (citing *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011)).

did not "file a claim against the Estate of Patricia Gayle Hood, all claims against the property and the estate are now barred." *Id.*, ¶ 13.

The Complaint neither alleges that payments continued to be made on the Loan after the Borrower's death nor that the Loan is current. *See generally, id.* Wells Fargo accelerated the Loan and its substitute trustee gave notice of the March 31, 2022 foreclosure sale on the Property. *Id.*, ¶¶ 15-16. Plaintiff opines that Wells Fargo has "no right or legal authority" to foreclose on the Property because it did not file a claim against the Estate (for the amount owed by the Borrower on the Loan). *See id.*, ¶ 21. On February 28, 2022, Plaintiff filed the Complaint, seeking a declaratory judgment extinguishing the debt associated with the Loan and the Deed of Trust encumbering the Property as well as a permanent injunction barring foreclosure on the Property. *Id.* at p. 3, *ad damnum*.

### III. PROCEDURAL HISTORY

On February 28, 2022, Plaintiff filed her Complaint in the Chancery Court of Macon County, Tennessee. *See id.* On March 4, 2022, Plaintiff obtained an *ex parte* temporary restraining order in advance of a hearing on her request for a temporary injunction, which was set to be heard on March 18, 2022. *See* ECF No. 1-1, p. 3. On March 17, 2022, Wells Fargo removed this case to the United States District Court for the Middle District of Tennessee. *See* ECF No. 1.

### IV. STANDARD REVIEW

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court should dismiss a claim if, accepting the allegations as true, they fail to state facts that support relief. "The purpose of a Rule 12(b)(6) motion is 'to test [against the legal standard set forth in Fed. R. Civ. P. 8] whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true.'" *See Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 291 (6th Cir. 2015) (quoting *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)).

Thus, for a complaint to survive a Rule 12(b)(6) motion, it "must—when the record is construed in the light most favorable to the nonmoving party and when all well-pled factual allegations are accepted as true—contain 'either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Phila. Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013)). Notably, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

In reviewing a complaint, courts "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *D'Ambrosio*, 747 F.3d at 383 (quoting *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275–76 (6th Cir. 2010)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A plaintiff must plead factual allegations that raise his right to relief "above the speculative level." *Twombly*, 550 U.S. at 555.

## V. <u>LAW AND ARGUMENT</u>

Plaintiff is not entitled to a release of the Deed of Trust because it remains intact to secure the unpaid debt on the Loan regardless of whether Wells Fargo can enforce the Loan personally against the Borrower's estate. In a mortgage loan, a borrower's personal liability under the note is different from the lender's secured right to obtain repayment by foreclosing on the property under the deed of trust. Put another way, if the debt associated with the mortgage loan is not paid, and irrespective of whether the lender can hold the borrower personally liable for the debt, the lender can obtain payment instead by foreclosing on the property via the deed of trust. This is the

result reached by courts across the country, including those in Tennessee, and it requires the dismissal of the Complaint.

### A. Discharge of the Borrower's Personal Indebtedness on the Loan Does Not Discharge the Debt or the Deed of Trust Lien on Property.

Typically, "a mortgage loan consists of a promissory note and security instrument, usually a mortgage or deed of trust, which secures the payment on the note by giving the lender the ability to foreclose on the property." 59 C.J.S. Mortgages § 203. In Tennessee, the security instrument used in connection with a mortgage loan is a deed of trust. *Mortgage Elec. Registration Sys., Inc. v. Ditto*, 488 S.W.3d 265, 270, n. 6 (Tenn. 2015). "Under a deed of trust, the lender holds title to the property until the debt is paid." *Id.*

The debt and deed of trust remain in force even when a borrower receives a discharge of personal liability on the same. In *Johnson v. Home State Bank*, 501 U.S. 78 (1991), the Supreme Court addressed whether a mortgage interest associated with a debt discharged in a prior bankruptcy could be listed as a claim in a subsequent bankruptcy. In answering this question affirmatively, the Supreme Court explained that the discharge of a debt associated with a mortgage "extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem.*" *Id.* at 84 (emphasis in original). Critically, and dispositive of the present case, the high court explained:

> Even after the debtor's personal obligations have been extinguished, the mortgage holder still retains a "right to payment" in the form of its right to the proceeds from the sale of the debtor's property. Alternatively, the creditor's surviving right to foreclose on the mortgage can be viewed as a "right to an equitable remedy" for the debtor's default on the underlying obligation. Either way, there can be no doubt that the surviving mortgage interest corresponds to an "enforceable obligation" of the debtor. *Id.*

Applying *Johnson* to the present case, and, taking as true Plaintiff's allegation that Wells Fargo did not file a claim against the Borrower's estate for personal liability on the Loan, thus discharging

her personal obligation, there is still "no doubt" the mortgage (in Tennessee, a deed of trust) remains an enforceable obligation and that Wells Fargo retains a right to repayment via the proceeds of the Property in foreclosure.

In addition to the Supreme Court, other courts, including those in Tennessee, have uniformly reached the same result: the discharge of a borrower's personal obligation on a mortgage does not extinguish the debt or the lien, and it does not prevent the lender from enforcing the mortgage against property via foreclosure.[3] *See In re Glance*, 487 F.3d 317, 321 (6th Cir. 2007) ("[debtor] does not have personal liability on the promissory notes but he continues to have *in rem* liability on the liens"); *Wade v. Wells Fargo Home Mortgage*, 2019 WL 8333548, at *8 (W.D. Tenn. Dec. 20, 2019) (internal citations omitted) ("[a]fter discharge of a debt, the creditor retains the *in rem* remedy of foreclosure. Although [discharge of a debt] changes how a creditor may recover a debt, it does not eliminate the debt itself or render a note unenforceable for purposes of foreclosure"); *Chase Manhattan Mortgage Corp. v. St.*, 2010 WL 1462544, at *2 (Tenn. Ct. App. Apr. 14, 2010) (finding that bankruptcy discharge of debt did not "pay off" the remaining unpaid amount and that release of deed of trust due to discharge was not appropriate, reasoning that "[a]lthough a bankruptcy discharge could shield [borrower] from personal liability, it would not prevent Chase, as a secured creditor, from foreclosing on her property if the underlying debt remained unpaid"); *In re Harman*, 326 B.R. 901 (B.A.P. 6th Cir. 2005) ("[t]he fact that the debtor's personal liability was discharged provides no basis for avoiding the lien on property" and the discharge "only extinguished his personal liability on the debt; it had no effect on [the secured

---

[3] Plaintiff unwittingly acknowledges the difference between Wells Fargo's *in personam* remedy against the estate and its *in rem* remedy against the Property as it opines that the lack of claim against the estate is both a bar against the estate and the Property. *See* Compl., ¶ 13 ("[d]ue to the failure of Wells Fargo to file a claim against the Estate of Patricia Gayle Hood, all claims against the property and the estate are now barred").

creditor's] recourse against the […] property"); *In re Wagner*, 342 B.R. 766, 770, 2006 WL 1523058 (Bankr. E.D. Tenn. 2006) (noting that "discharge of personal liability does not extinguish a lien"); *Schueller v. Wells Fargo & Co.*, 559 Fed. Appx. 733, 737 (10th Cir. 2014) (acknowledging trial court's observation that debtor's "discharge extinguished his personal obligation for the home mortgage loan, but not the mortgage lien against the property"). There can be "no doubt" that regardless of whether Wells Fargo can enforce the Borrower's personal obligation on the Loan against the estate, it can enforce its remaining security agreement on the Property.

### B. The Tennessee Court of Appeals has Routinely Acknowledged that a Creditor's Security Interest in the Property Remains After a Decedent's Personal Liability on a Debt is Discharged.

Within the context of estate claims, the Tennessee Court of Appeals has routinely acknowledged a secured creditor's right to enforce its lien regardless of whether it asserts an *in personam* claim against the estate for the indebtedness. In *Commerce Union Bank v. Weis*, 27 Tenn. App. 433, 181 S.W.2d 764 (1944), a co-borrower on a note associated with a deed of trust died and the secured creditor elected not to make a claim against the borrower's estate for the indebtedness. *Id.* at 764, 767. In assessing how much the co-borrower's estate was required to pay on the note under the doctrine of exoneration compared to the surviving co-borrower, the Court of Appeals acknowledged that a year had passed since notice had been given to creditors "so the claim on the note is barred in so far as the estate of George F. Weis is concerned." *Id.* at 767. Still, the court acknowledged that despite the creditor's election not to file a claim against the estate, the deed of trust remained as security for payment on the note. *Id.* ("[t]he insurance company, which holds the note that is secured by this deed of trust, declined to file a claim in the County Court against the estate of George F. Weis, being satisfied, evidently, to look only to Mai E. Weis and the security of its deed of trust for the payment of its note."). Under the doctrine of

exoneration, and despite the fact that the secured creditor had not filed a claim against the estate, the Court of Appeals held that estate was required to pay an equal share of the amount owed on the note, along with the co-borrower, to exonerate the mortgage. *Id.*

In Tennessee, and under the doctrine of exoneration, "devisees of real property encumbered by a mortgage are entitled to have the lien discharged by payment from the estate's personalty unless specific provisions in the will provide otherwise." *In re Estate of Wyatt*, 2002 WL 1332485, at *2 (Tenn. Ct. App. June 17, 2002). The doctrine of exoneration necessarily acknowledges that a mortgage lien remains even if a creditor elects not to make an *in personam* claim against the estate. If the debt and lien associated with a mortgage were extinguished following the period for creditors to make *in personam* claims against the estate, then there would be no reason or basis under Tennessee law to subsequently require a personal representative to exonerate a mortgage in the absence of a claim against the estate. Plaintiff's theory that "[d]ue to the failure of Wells Fargo to file a claim against the Estate of Patricia Gayle Hood, all claims against the property and the estate are now barred" (Compl., ¶ 13) runs contrary to settled Tennessee law and fails to state a claim for relief.

As the personal representative, Plaintiff's obligation was to disencumber the Property out of the estate's assets instead of filing this suit. In *Wilson v. Smith*, 50 Tenn. App. 188, 360 S.W.2d 78 (1962), the Court of Appeals explained that, "in the absence of a clear intention to the contrary, the devisee is entitled to have the estate disencumbered from the mortgage, whether subsequent or prior to the making of the will, out of the personal estate of the testator not specifically bequeathed. The debt charged upon the realty by the mortgage is the debt of the testator, not that of the devisee, and is primarily payable out of the personal assets." *Id.* at 85 (quoting Phillips Pritchard on Wills, Vol. 1 Sec. 306, pp. 296, 297) (internal quotations omitted). As a result, the court held that lower

court did not err when it ruled that the personal representative "was under a duty to pay said mortgage indebtedness from the estate, even though no claim had been filed." *Id.* at 88. *See also In re Wyatt*, at *2 ("the Executrix had the duty to ensure that the real property was unencumbered by the mortgage, even if no claim to enforce that duty had been filed"). In the present case, and instead of disencumbering the Property by paying the Loan, Plaintiff filed this Complaint seeking a judgment extinguishing the debt and lien associated with the Deed of Trust under a homemade theory that is uniformly contradicted by law. Plaintiff's Complaint is due to be dismissed because her theory concerning the discharge of the debt and lien associated with the Deed of Trust fails as a matter of law.

## VI. CONCLUSION

Plaintiff's Complaint has zero authority for its opinion that the debt and lien associated with the Deed of Trust should be discharged due to the lack of Wells Fargo's claim against the Borrower's estate. Instead, settled law holds that even after a borrower is discharged from personal liability on a loan associated with a deed of trust, the related debt and the lien securing the creditor's right to repayment remain. The Complaint is due to be dismissed, with prejudice, because it fails to state a claim upon which relief can be granted.

Respectfully submitted this 31st day of March, 2022.

>*/s/ Samuel A. Morris*
>R. Frank Springfield (BPR # 025833)
>Samuel A. Morris (BPR # 034878)
>
>BURR & FORMAN LLP
>222 Second Avenue South, Suite 2000
>Nashville, TN 37201
>Telephone: (615) 724-3200
>Facsimile: (615) 724-3358
>smorris@burr.com
>
>420 North 20th Street, Suite 3400

Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
fspringfield@burr.com

Attorneys for Defendant
WELLS FARGO BANK, NA

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded by electronic means via the Court's CM/ECF system and/or by first-class, United States mail, postage prepaid, on this the 31st day of March, 2022:

Dalis D. Holliman
Farrar, Holliman & Butler
P.O. Box 280
Lafayette, TN 37083

LLG Trustee TN LLC
10130 Perimeter Parkway, Suite 400
Charlotte, NC 28216

Iberiabank
P.O. Box 2026
Flint, MI 48501-2026

*/s/ Samuel A. Morris*
Samuel A. Morris, Esq.